_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:23-cv-1580-FWS-RAO                                              Date: March 6, 2023
Title: Clifford C. Loyer *et al.* v. Los Angeles Sheriff's Department *et al.*

_____

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Melissa H. Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS: ORDER TO SHOW CAUSE**

Before the court is Plaintiffs Clifford C. Loyer, Ricardo Torres, Daniel Penaloza, Oscar Madrigal, Grorige Roy Stephenson, Chavncey Mamilton, Thomas Mathis, Juan Tapia, Franklin Fouther, Robert Arballo, Omar Winston, James Buster, Edgar Avila, Jerriel Sanders, Marshal Silva, Adrian Rios, and Hakoup Sardareyan's (collectively, "Plaintiffs") "Civil Rights Complaint." (Dkt. 1 ("Complaint or Compl.").)

As a preliminary matter, the court notes that Plaintiffs have not: (1) paid the civil filing fee; or (2) filed the CV-60P form and declaration required to proceed in forma pauperis. (*See generally Dkt.*) As stated by the Clerk of Court, (Dkt. 2), Plaintiffs must pay the filing fee or submit the appropriate forms within **thirty (30) days** or their case may be dismissed. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R.R.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiffs action with prejudice because of his failure to prosecute cannot seriously be doubted."); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 693, 689 (9th Cir. 2005) ("[C]ourts may dismiss under Rule 41(b) sua sponte, at least under certain circumstances."); *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984) ("It is within the inherent power of the court to sua sponte dismiss a case for lack of prosecution.").

In addition, the court observes the Complaint alleges Plaintiff Clifford C. Loyer represents this prisoner class action pro se. (*See* Compl. at 3.) However, under Federal Rule of Civil Procedure 23, "[a] pro se litigant may not serve as the representative of a class." *Khalid v.*

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:23-cv-1580-FWS-RAO                                         Date: March 6, 2023
Title: Clifford C. Loyer *et al.* v. Los Angeles Sheriff's Department *et al.*

*Microsoft Corp.*, 409 F. Supp. 3d 1023, 1031 (W.D. Wash. 2019); *Reed v. Bd. of Prison Terms*, 2003 WL 21982471, at *1 (N.D. Cal. Aug. 8, 2003) ("Pro se prisoner plaintiffs may not bring class actions because they are not adequate class representatives able to fairly represent and adequately protect the interests of the class."); *Welch v. Terhune*, 11 Fed. App'x 747, 747 (9th Cir. 2001) ("The district court properly determined that [plaintiff], proceeding pro se, could not prosecute the instant action as a class action."); *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) ("It is well established that the privilege to represent oneself pro se provided by § 1654 is personal to the litigant and does not extend to other parties or entities.") (citing *McShane v. United States*, 366 F.2d 286, 288 (9th Cir. 1966)); *C.E. Pope Equity Tr. v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) (stating a non-attorney "has no authority to appear as an attorney for others than himself").

  Accordingly, because Plaintiff Loyer may not represent the class pro se, the court **ORDERS** Plaintiff Loyer to **SHOW CAUSE** in writing by **March 24, 2023**, why the Complaint should not be dismissed without prejudice to Plaintiff Loyer, or any other plaintiff, filing a new action solely on their own behalf.

  **IT IS SO ORDERED.**

                                                                Initials of Deputy Clerk:  mku